# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| TARA SAVANAH MACAULAY, as natural child of Eric N. Macaulay, deceased, and as Administratrix of the Estate of Eric N. Macaulay, and TAYLOR MACAULAY, as natural child of Eric N. Macaulay, deceased, | * * * * * * * | |
| Plaintiffs, | * * | |
| vs. | * * | CV 211-011 |
| CAMDEN COUNTY, GEORGIA, CITY OF ST. MARYS, GEORGIA, JESS MARTINEZ, M.D., and KINGS BAY COMMUNITY HOSPITAL, INC., a/k/a SOUTHEAST GEORGIA HEALTH SYSTEM, CAMDEN CAMPUS, and JOHN DOE 1-6, | * * * * * * * * | |
| Defendants. | * | |

## ORDER

Presently before the Court are Defendant Camden County's Motions to Dismiss, Dkt. No. 31, Defendant City of St. Marys' Motion to Dismiss, Dkt. No. 35, and Defendant Jess Martinez's Motion for Summary Judgment, Dkt. No. 36. Upon due consideration, the motions are **GRANTED**.

1

**BACKGROUND**

On January 27, 2009, Jack Macaulay (Jack) returned to his home following a doctor's appointment and noticed that his son, Decedent Eric N. Macaulay, was "acting strangely." Compl. ¶¶ 16-17. Decedent told Jack that he had ingested approximately 22 morphine tablets and 10 Xanax pills. Jack dialed 911 and requested emergency assistance.

When the St. Marys Police Department and Camden County Fire Department arrived at Jack's residence at approximately 7:31 p.m., Jack advised emergency personnel of the situation and noted that 27 pills, rather than the 22 Decedent claimed to have ingested, were missing from a prescription morphine bottle located in the home. Id. at ¶¶ 19-20. Shortly thereafter, the emergency personnel spoke to Decedent, who stated that he had ingested the medication between approximately 1:00 p.m. and 1:30 p.m. that afternoon. Id. at ¶ 23.

The emergency personnel explained the situation over the phone to Defendant Jess Martinez, a medical doctor employed by Defendant Kings Bay Community Hospital, Inc. Without taking any medical history, performing any examination, or speaking to Decedent, Martinez stated that if Decedent had taken the claimed amount of medication at the stated time, Decedent would have died prior to the arrival of emergency personnel. Martinez made no recommendations as to treatment or further examination. Id.

2

at ¶¶ 26-27. Although Decedent coughed and had difficulty staying awake and swallowing food, the emergency personnel on the scene allegedly refused to take Decedent to the hospital and ignored Jack's request for treatment. The emergency personnel subsequently left the residence.

At approximately 12:51 a.m., Jack placed another 911 call to report that he believed Decedent was dead after having observed that he was pale in color, unresponsive, and not breathing. Id. at ¶ 38. Emergency personnel from St. Marys and Camden again responded but were unable to revive Decedent. Martinez was called a second time and advised emergency personnel to cease rescue efforts and pronounce death at 1:07 a.m. Id. at ¶ 40.

Plaintiffs – the children of Decedent, one of whom is administratrix of his estate – filed this lawsuit, alleging that Defendants violated the constitutional rights of Decedent and are liable under state law for failing to provide Decedent with adequate medical care.

## DISCUSSION

Plaintiffs' lone federal claim arises under 42 U.S.C. § 1983. Plaintiffs allege that by denying Decedent much-needed medical care, Defendants violated Decedent's "Constitutional and Civil rights under the Fourth, Eighth and Fourteenth Amendments

3

to the United States Constitution."[1] Compl. ¶ 1. Defendants argue that Plaintiffs have failed to state a claim under § 1983, such that the claim should be dismissed.[2]

When ruling on a motion to dismiss, a district court must construe the plaintiff's complaint in the light most favorable to the plaintiff and accept all well-pleaded facts alleged in the complaint as true. <u>Sinaltrainal v. Coca-Cola Co.</u>, 578 F.3d 1252, 1260 (11th Cir. 2009). Although a complaint need not contain detailed factual allegations, it must contain sufficient factual material "to raise a right to relief above the speculative level." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). At a minimum, a complaint should "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." <u>Fin. Sec. Assurance, Inc. v. Stephens, Inc.</u>, 500 F.3d 1276, 1282-83 (11th Cir. 2007) (quoting <u>Roe v. Aware Woman Ctr. for Choice, Inc.</u>, 253 F.3d 678, 683 (11th Cir. 2001)).

"To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law." <u>Holmes v. Crosby</u>, 418 F.3d 1256, 1258

---

[1] The complaint states that Defendants violated "Plaintiffs' " rights, Compl. ¶ 1, which the Court understands as an error. The Court interprets the complaint as alleging violations of Decedent's rights.

[2] Although Defendant Jess Martinez's motion is styled as a motion for summary judgment, the relevant portion of his motion adopts Camden County's motion to dismiss as to the § 1983 claim. <u>See</u> Dkt. No. 36, at 2.

4

(11th Cir. 2005). Aside from a handful of conclusory statements, the complaint offers no explanation of how the facts alleged amount to violations of the Fourth, Eighth, and Fourteenth Amendments.

In discussing the possibility of a constitutional right to essential medical care, the Eleventh Circuit has stated that "[i]f such a right exists at all, it must derive from the fourteenth amendment's due process clause, which forbids a state to deprive anyone of life, liberty or property without due process of law." Wideman v. Shallowford Cmty. Hosp., 826 F.2d 1030, 1032 (11th Cir. 1987). Perhaps recognizing the complete inapplicability of the Fourth and Eighth Amendments to this case, Plaintiffs focus exclusively on a possible violation of Decedent's Fourteenth Amendment rights in their filings opposing the present motions. See Dkt. No. 20, at 7.

The Eleventh Circuit has stated that a failure to provide essential medical services may implicate Fourteenth Amendment due process rights where a "special relationship" exists between a state actor and a claimant. Wideman, 826 F.2d at 1035. Although "the contours of what constitutes a 'special relationship' . . . are hazy," the Eleventh Circuit has explained:

> a constitutional duty can arise only when a state or municipality, by exercising a significant degree of custody or control over an individual,

5

> places that person in a worse situation than he would have been had the government not acted at all. Such a situation could arise by virtue of the state affirmatively placing an individual in a position of danger, effectively stripping a person of her ability to defend herself, or cutting off potential sources of private aid. The key concept is the exercise of coercion, dominion, or restraint by the state. The state must somehow significantly limit an individual's freedom or impair his ability to act on his own before it will be constitutionally required to care and provide for that person.

Id. at 1035-36. Examples of circumstances giving rise to a "special relationship" include incarceration, involuntary institutionalization, pretrial detainees, and arrestees or suspects in police custody. Id. at 1035 n.7.

In this case, there are no facts evincing a "special relationship" between any Defendant and Decedent. Regardless of whether Defendants provided adequate medical care, they did not *affirmatively* place Decedent in danger or somehow restrain Decedent or his family from seeking aid on their own. As a result, Plaintiffs have not alleged a constitutional violation and have thus failed to state a claim under § 1983. The Defendants' motions are thereby granted.

The Court notes that Defendant Kings Bay Community Hospital has neither filed nor joined a motion to dismiss or motion for summary judgment. The parties are granted ten (10) days from the date of this order to file any briefs

addressing whether Plaintiff's federal claim against Kings Bay Community Hospital should also be dismissed. The Court will decide the issue of supplemental jurisdiction as it relates to the remaining state claims following the ten-day supplemental briefing period.

**CONCLUSION**

For the reasons stated, the Defendants' motions are **GRANTED** as to Plaintiff's federal claims. The parties have 10 days to brief the federal claim remaining against Defendant Kings Bay Community Hospital, Inc.

**SO ORDERED**, this 12th day of August, 2011.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA