# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | | |
|---|---|---|
| TARA SAVANAH MACAULAY, as natural child of Eric N. Macaulay, deceased, and as Adminstratrix of the Estate of Eric N. Macauslay, and TAYLOR MACAULAY, as natural child of Eric N. Macaulay, deceased | * * * * * * * | |
| Plaintiffs, | * * | |
| vs. | * * | CV 211-011 |
| CAMDEN COUNTY, GEORGIA, CITY OF ST. MARY'S GEORGIA, JESS MARTINEZ, M.D., and KINGS MAY COMMUNITY HOSPITAL, INC., a/k/a SOUTHEAST GEORGIA HEALTH SYSTEM, CAMDEN CAMPUS, and JOHN DOE 1-6, | * * * * * * * * | |
| Defendants. | * | |

## ORDER

Presently before the Court is Defendant Kings Bay Community Hospital, Inc. Trading As Southeast Georgia Health System/Camden Campus's ("Kings Bay") Motion for Summary Judgment. Dkt. No. 48. For the reasons stated below, Kings Bay's motion is **GRANTED in part and DENIED in part.**

AO 72A
(Rev. 8/82)

1

## BACKGROUND[1]

This case arises from conduct related to the death of Eric Macaulay. On January 27, 2009, Eric Macaulay consumed a large quantity of narcotics while at his father's home. His father called 911 and emergency medical personnel were dispatched to the home. Once on the scene, the emergency personnel called a medical doctor at Kings Bay. The doctor made no recommendations about treatment or whether further examination was necessary. The emergency personnel refused to transport Eric Macaulay to the hospital. Several hours later Eric Macaulay's father made another 911 call, stating that he believed his son was dead. Emergency personnel responded, but were unable to resuscitate Eric. Eric Macaulay was pronounced dead soon thereafter.

Plaintiffs, the children of Eric Macaulay, filed this suit on January, 28, 2011. Dkt. No. 1. Plaintiffs' Complaint asserts one federal claim under 42 U.S.C. § 1983 for denial of essential medical care and state law claims. All but one of the Defendants moved to dismiss Plaintiffs' Complaint, arguing that Plaintiffs had failed to state a claim upon which relief could be granted. This Court granted those motions with regards to the § 1983 claim. The Court emphasized that in order to adequately set forth a § 1983 claim for denial of essential

---

[1] The facts of this case are set out in greater detail in the Court's Order resolving earlier pretrial motions. Dkt. No. 47.

medical care, a plaintiff must show a "special relationship" between the deceased and the Defendants as described in Wideman v. Shallowford Cmty. Hosp., 826 F.2d 1030 (11th Cir. 1987). Dkt. No. 47. The Court held that no special relationship existed as to the Defendants who moved for dismissal, and therefore, Plaintiffs failed to state a claim under § 1983 against those Defendants.

The Court further noted that the only Defendant that did not file a motion to dismiss or join in the motions was Kings Bay. The Court granted Kings Bay and Plaintiffs additional time to submit briefs on whether the federal claim against Kings Bay should also be dismissed. The Court reserved ruling on the state law claims until the parties provided additional briefing on the § 1983 claim.

The additional briefing has been submitted, and the Court now evaluates Kings Bay's arguments for summary judgment. The Court also addresses Defendants' arguments on Plaintiffs' state law claims.

## DISCUSSION

### I. Section 1983 Claim

Kings Bay argues that Plaintiffs' federal claim against it should be dismissed for the same reasons the claim was dismissed as to the other Defendants. Kings Bay argues that the Court's previous holding - that the Plaintiff has not shown a special

3

relationship - is equally, if not more, applicable to Kings Bay. Kings Bay points out that none of its personnel exercised physical control over Eric Macaulay, and importantly, no Kings Bay personnel were present at the Macaulay home. Kings Bay also argues that if the Court decides to dismiss Plaintiffs' federal claim against Kings Bay, the Court should, nevertheless, exercise supplemental jurisdiction over Plaintiffs' state law claims. Kings Bay argues that judicial economy and fairness militate in favor of the exercise of supplemental jurisdiction, even if all the federal claims are dismissed. Kings Bay also argues that the Plaintiffs have failed to adequately state any state law claims.

Plaintiffs respond by arguing that a special relationship existed because the "Decedent was within and/or under [Kings Bay's] custody or control at the time of the asserted constitutional deprivation." Dkt. No. 50, at 11. Plaintiffs further argue that emergency personnel called Kings Bay to obtain medical advice, and that because the call occurred while Eric Macaulay was incapacitated, he necessarily "fell within the custody and care of [Kings Bay]." Id.

Plaintiffs' version of the facts does not demonstrate that Kings Bay was in custody of Eric Macaulay. Plaintiffs' theory is that a phone call to a hospital by first responders during a 911 response creates a custodial relationship between the

hospital and the patient. Plaintiffs have pointed to no authority indicating that such a tenuous connection creates a custodial relationship. Eric Macaulay was unequivocally not in the custody of Kings Bay on the night of his death.

Plaintiffs' custody argument is their only basis for claiming that a special relationship existed for the purposes of § 1983 analysis. Accordingly, Plaintiffs have not established a special relationship between Kings Bay and Eric Macaulay, and therefore have not established a constitutional claim under § 1983. While the circumstances of Eric Macaulay's death are undeniably tragic, the circumstances do not constitute a constitutional deprivation. Plaintiffs' federal claim against Kings Bay is dismissed.

**II. State Law Claims**

Once a court has dismissed all claims over which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over any remaining claims. 28 U.S.C. § 1367(c)(3). Here, the Court has dismissed Plaintiffs' single federal claim, and only their state law claims remain. Accordingly, the Court may choose whether to exercise supplemental over Plaintiffs' remaining state law claims. Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004)

Here, the Court notes that the Plaintiffs' federal claim failed for lack of a special relationship between the decedent and the Defendants. Defendants argue, in part, that Plaintiffs' state law claims require a physician-patient or provider-patient relationship in order to succeed. Because the inquiries are related, though not identical, the Court concludes that judicial economy warrants resolving the state law claims in this forum. Accordingly, the Court elects to exercise supplemental jurisdiction over the state law claims.

Discovery in this matter was stayed pending resolution of Plaintiffs' federal claims. Given the status of this matter, a limited discovery and briefing period will be beneficial to the resolution of Plaintiffs' remaining claims. Consequently, the Court orders a ninety (90) day discovery period. Following the discovery period, Defendants will have an additional thirty (30) days to file any pretrial motions. The Court will evaluate any motions following the completion of the briefing period.

**CONCLUSION**

For the reasons stated above, Kings Bay's Motion for Summary Judgment is **GRANTED**. Plaintiffs' federal claim is dismissed with regards to Kings Bay. The Court elects to exercise supplemental jurisdiction over any remaining state law

6

AO 72A
(Rev. 8/82)

claims asserted by Plaintiffs.  The ninety (90) day discovery period commences today.

**SO ORDERED**, this 13th day of March, 2012.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)

7